IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY,<br>A Delaware Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>THE GREATER KANSAS CITY SPORTS COMMISSION,<br>a Missouri Non-Profit Corporation,<br>serve Registered Agent Kathy Nelson<br>1100 Walnut St., Suite 3450B<br>Kansas City, MO 64106<br><br>And<br><br>ABIGAIL SALAS-ZARATE<br>AS NEXT FRIEND TO S.A.,<br>1408 S. 29th Street<br>Kansas City, KS 66106<br><br>    Defendants. | Case No. 4:25-cv00385 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

    The Cincinnati Specialty Underwriters Insurance Company ("Cincinnati"), by and through undersigned counsel, for its Complaint for Declaratory Judgment, states as follows:

**NATURE OF CASE**

    1.    This is a declaratory judgment action brought pursuant to 28 U.S.C. §§ 2201, 2202, and Fed. R. Civ. P. 57 to determine Cincinnati's rights and obligations under a commercial general liability insurance policy it issued to The Greater Kansas City Sports Commission ("GKCSC") ("the Cincinnati Policy").

1

2. An actual and justiciable controversy exists between the parties. This action will resolve a dispute as to whether the Cincinnati Policy provides coverage to GKCSC in connection with the underlying lawsuit filed by Abigail Salas-Zarate, as next friend for S.A. ("SA") against GKCSC, *Abigail Salas-Zarate, as next friend for S.A v. The Greater Kansas City Sports Commission*, Case No. 2516-CV06384 (Jackson County, Missouri Circuit Court) ("the Underlying Lawsuit") on February 27, 2025. The Underlying Lawsuit seeks damages for the alleged injuries sustained by SA who was shot at the Kansas City Chiefs Super Bowl Parade on February 11, 2024, by an unknown individual.

## PARTIES, JURISDICTION, VENUE

3. Cincinnati is a Delaware corporation with its principal place of business in Fairfield, Ohio.

4. GKCSC is a Missouri non-profit corporation and may be served via its Registered Agent, Kathy Nelson, 1100 Walnut St., Ste. 3450B, Kansas City, Missouri 64106.

5. Abigal Salas-Zarate as Next Friend to S.A. is a Kansas resident.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney's fees and there exists complete diversity of citizenship.

7. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to this lawsuit occurred in this federal district.

## FACTUAL BACKGROUND

### The Cincinnati Policy

8. Cincinnati issued GKCSC a commercial general liability insurance policy, Policy No. CSU0225122, with a policy period from February 12, 2024, to February 17, 2024, and limits

of insurance of $1,000,000 each occurrence, $5,000,000 general aggregate. (the Cincinnati Policy). A certified copy of the Cincinnati Policy is attached as Exhibit A and is incorporated into this Complaint as if fully set forth herein.

9. The coverage provided by the Cincinnati Policy is subject to its terms, conditions, endorsements, limitations, and exclusions.

10. The Insuring Agreement of Coverage A of the Cincinnati Policy, Form CG 00 01 04 13, states in pertinent part as follows:

> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. …
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> > **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; [and]
> >
> > **(2)** The "bodily injury" or "property damage" occurs during the policy period; . . .

(*See,* Ex. A, at p. 21).

11. The Cincinnati Policy defines "bodily injury" and "occurrence" as follows:

> **3.** "Bodily injury" means bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time. . . .

  **13.** "Occurrence" means an accident, including continuous or repeated exposure to the same general harmful conditions.

(*See,* Ex. A, at pp. 33 & 35).

  12. The Cincinnati Policy defines "you," "your," and "insured" as follows:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. . . .

The word "insured" means any person or organization qualifying as such under Section **II** – WHO IS AN INSURED.

(*See,* Ex. A, at p. 21).

  13. The Cincinnati Policy's "Who Is An Insured" provision states in pertinent part as follows:

### SECTION II - WHO IS AN INSURED

  **1.** If you are designated in the Declarations as: . . . .

    **b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

    **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers. . . .

    **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

(*See,* Ex. A, at p. 30).

14. The Cincinnati Policy includes the Exclusion – Assault Or Battery Endorsement, Form CSGA 301 02 21 ("the Assault or Battery Exclusion"), which states in pertinent part as follows:

> **A.** The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A - Bodily Injury And Property Damage Liability and** Paragraph **2., Exclusions** of **Section I - Coverage B - Personal And Advertising Injury Liability:**
>
> **Assault Or Battery**
>
> This insurance does not apply to "bodily injury" . . . that in any way, in whole or in part, arises out of an actual, threatened or alleged:
>
> **1.** Assault or battery whether caused by or at the instigation or direction of any insured, their employees, patrons or any other person;
>
> **2.** The failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault or battery; or
>
> **3.** The failure to provide an environment safe from assault or battery, including but not limited to the failure to provide adequate security, or failure to warn of the dangers of the environment that could contribute to assault or battery; or . . .
>
> **6.** The negligent:
>
>   **a.** Employment;
>
>   **b.** Supervision;
>
>   **c.** Training;
>
>   **d.** Retention;
>
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by the **Assault Or Battery exclusion** above . . . .
>
> **C.** Exclusion **2.a.** of the Commercial General Liability Coverage Form is deleted in its entirety and replaced by the following:

5

**2. a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

(*See,* Ex. A, at p. 74).

## The Underlying Lawsuit

15. SA commenced the Underlying Lawsuit on February 27, 2025. The Petition, as originally filed, named GKCSC as the only defendant. ("SA Petition"). A true and correct copy of the Petition is attached as Exhibit B hereto.

16. The Petition alleges that GKCSC failed to implement adequate security measures to protect the thousands of attendees who gathered in front of Union Station despite the well-documented risks associated with large public gatherings and the heightened concerns surrounding gun violence in Kansas City. The Petition additionally alleges that GKCSC was negligent in failing to take reasonable precautions – such as security screenings, controlled entry points, and a visible security presence.

17. The Petition further alleges GKCSC owed a legal duty to use ordinary care to make the property upon which the Super Bowl Parade was held reasonably safe. According to the Petition, GKCSC possessed, operated, occupied, and/or controlled the area where SA was injured.

18. The Petition alleges hundreds of thousands of fans were gathered in front of Union State to celebrate the Super Bowl victory when two (2) juvenile attendees opened fire, shooting and killing one (1) person, and injured twenty-three (23) people.

19. The Petition alleges the shooting occurred in the wake of Kansas City's deadliest year on record, in which 182 homicides were recorded, 170 of which included the use of firearms.

20. The Petition furthered alleges Missouri has some of the most lenient gun laws in the United States as it does not require permits to purchase or carry a gun, does not required

firearms to be registered or for gun owners to be licensed, and has no age restrictions on gun use and possession.

21.     As a result of the above-referenced conditions, Plaintiff alleges those hosting public events in Kansas City, or anywhere in Missouri, are duty-bound to take reasonable precautions to ensure a safe environment, including screening for potential weapons and assuring that attendees of public events are not armed with dangerous weapons.

22.     Plaintiff points to a prior redacted event in front of Union Station where organizers erected barriers around the site and directed more than 300,000 attendees to use one of only three entrances where attendees were screened, not permitted to carry items into the venue unless visible in a clear bag no larger than 12 inches by 12 inches, and prohibited weapons of any kind.

23.     The Petition alleges GKCSC owed SA a legal duty to exercise ordinary care, meaning the degree of care that would be used by a reasonable prudent person under the same or similar circumstances. According to the Petition, GKCSC, breached the duty of care owed to SA by, among other things:

      a.      Failing to provide a safe environment;

      b.      Failing to provide adequate security;

      c.      Failing to adequately hire security or safety personnel;

      d.      Failing to provide adequate security or safety equipment;

      e.      Failing to enact adequate security or safety polices and procedures;

      f.      Failing to adequately hire medical personnel;

      g.      Failing to have and/or enforce rules related to crowd behavior/crown control; and

      h.      Failing to comply with applicable codes, regulations, and standards regarding safety; and,

i. Other acts or omissions deemed negligent.

24. The Petition also alleges GKCSC owed a legal duty to use ordinary care to make the property upon which the Super Bowl Parade was held reasonably safe, and, that Plaintiff was an invitee as a result of the express or implied invitation of GKCSC. The Petition alleges GKCSC breached its duty by failing to take adequate precautions to reasonably protect or warn Plaintiff and other invitees from a known, unreasonably risk of harm.

25 The Petition seeks an unspecified sum of damages for his injuries. According to the Petition, these damages include past and future physical pain and suffering, past and future mental anguish, past and future medical expenses, punitive/exemplary damages; Court costs, and pre- and post-judgment interest.

## Cincinnati's Position

26. As noted above, SA filed his Petition for Damages on February 27, 2025.

27. With respect to GKCSC, Cincinnati presumes for purposes of its duty to defend that GKCSC qualifies as a named insured under the Cincinnati Policy. Cincinnati also presumed, at least for the purposes of its duty to defend determination, that the allegations of the Petition satisfy the Insuring Agreement of Coverage A of the Cincinnati Policy.

28. For coverage to apply, the bodily injury must be caused by an occurrence that takes place at the special event designated in the Schedule (the Chiefs 2024 Super Bowl Parade/Parade Route); or is caused by GKSCS's work performed during that event. The bodily injury must occur during the policy period. The Policy does not apply to any special event that is not designated in the Special Event Endorsement's Schedule.

29. Here, based on the information available to-date, it appears that the majority of the known and/or anticipated claims concern damages for bodily injury (gunshot wounds, trample

8

injuries, etc.) caused by an occurrence (the gunfire). The Event, Incident, and any Event- or Incident-related bodily injury occurred during the CSU Policy's policy period.

30. The Policy includes the Exclusion – Assault Or Battery Endorsement, Form CSGA 301 02 21 (hereinafter, the "A/B Exclusion").

31. The Policy does not provide coverage for, among other things, bodily injury that in any way, in whole or in part, arises out of an actual, threatened or alleged assault or battery whether caused by or at the instigation or direction of any insured, their employees, patrons or any other person; failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault or battery; or failure to provide an environment safe from assault or battery, including but not limited to the failure to provide adequate security, or failure to warn of the dangers of the environment that could contribute to assault or battery; or negligent employment, supervision, training, or retention of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by the A/B Exclusion.

32. Based on the information available, and under applicable law, the bodily injuries at issue arose from the assaults referenced herein.

33. Therefore, Cincinnati has determined based on the allegations of the Petition and information ascertained in its pre- and post-suit investigation that the Cincinnati Policy's Assault or Battery Exclusion applies to preclude coverage, or potential coverage, under the Cincinnati Policy.

## COUNT I – DECLARATORY JUDGMENT

34. Paragraphs 1 through 33 are hereby incorporated by reference.

35. There exists an actual controversy of a judiciable nature between the parties concerning the rights and obligations of the parties to the insurance contract.

36. This matter is ripe because there is a dispute regarding Cincinnati's exposure or duties in the settlement and/or adjudication of this matter.

37. Cincinnati has complied with all terms, conditions, and provisions of the insurance contract.

38. By virtue of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exists between the parties in connection to the aforementioned Policy.

## **JURY TRIAL DEMAND**

39. Pursuant to Fed. R. Civ. P. 38(b) Cincinnati hereby demands that this case be tried by a jury.

WHEREFORE, Plaintiff The Cincinnati Specialty Underwriters Insurance Company prays that this Court enter judgment in its favor and against Defendants declaring:

A. That The Cincinnati Specialty Underwriters Insurance Company had/has no duty to defend Defendant, The Greater Kansas City Sports Commission, under the Cincinnati Policy with respect to any claims asserted or which could have been asserted in the Underlying Lawsuit, or the losses claimed therein;

B. That The Cincinnati Specialty Underwriters Insurance Company has no duty to indemnify or provided any other coverage to The Greater Kansas City Sports Commission or Abigal Salas-Zarate as Next Friend to S.A. for claims, loss or damages in the Underlying Lawsuit.

C. That The Cincinnati Specialty Underwriters Insurance Company has no duty to contribute any manner or amount to the settlement or proposed settlement of the Underlying Lawsuit; and

D. For such other and further relief as the Court deems just, proper, and equitable.

Respectfully submitted,

LITCHFIELD CAVO LLP

By: ___*/s/ Michael L. Brown*___
Michael L. Brown          MO #55732
Joseph P. Wade          MO #64592
Anthony M. Hernandez     MO #69129
10401 Holmes Road, Suite 220
Kansas City, MO 64131
(816) 648-1400
(816) 648-1401 Fax
brown@litchfieldcavo.com
wade@litchfieldcavo.com
hernandeza@litchfieldcavo.com
ATTORNEYS FOR PLAINTIFF
THE CINCINNATI SPECIALTY
UNDERWRITERS INSURANCE COMPANY

## CERTIFICATE OF SERVICE

    I hereby certify that on the 21st day of May, 2025, the foregoing was electronically filed with the Clerk of the District Court using the CM/ECF system, which will send notice of electronic filing to all registered attorneys of record.

    */s/ Michael L. Brown*

11

Case 4:25-cv-00385-JAM    Document 1    Filed 05/21/25    Page 11 of 11